**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

CIVIL ACTION NO.  4:17-CV-1960

Christopher Urrutia

*Plaintiff*

-*vs*-

JB Roberson Jr.,
Trinity Gate Guard Services Corporation,
and United Energy Rentals, LLC

*Defendants*

# Complaint

### Introduction

Plaintiff, Christopher Urrutia, sues J.B. Roberson Jr., Trinity Gate Guard Services Corporation, and United Energy Rentals LLC (collectively "Defendants") for unpaid overtime, liquidated damages, plus reasonable attorneys' fees and costs as permitted under and for violating the Fair Labor Standards Act, 29 U.S.C. Sec. 216 and 29 U.S.C. Sec. 207.

In further support for his claim, Plaintiff states as follows:

The Fair Labor Standards Act is a law of the United States regulating interstate commerce.

Here, Plaintiff seeks to enjoin further violations of the FLSA, to recover unpaid overtime compensation, to recover an additional equal amount as liquidated damages, plus payment of reasonable attorney's fees and costs under the provisions of the Fair Labor Standards Act, 29 U.S.C § 201 *et seq*.

Consequently, this Court has subject matter jurisdiction over this action under 29 U.S.C. Sec. 217 (Section 17 of the Act), 28 U.S.C. Sec. 1331, and 28 U.S.C. Sec. 1337.

Similarly, this Court has personal jurisdiction because both Defendants reside in this district, and because they actively maintain and conduct business in this district.

Finally, this district, division and location are an appropriate venue for this case, *i.e.*, under 28 U.S.C. Sec. 1391(b), because Defendants regularly conducts business here and/or because the events that give rise to this action occurred here.

**Plaintiff**

Plaintiff is a citizen of the United States of America.  He lives in Ecleto, Texas.

Plaintiff resided in Ecleto, Texas during all relevant times discussed herein.

**Defendants**

Defendant, Trinity Gate Guard Services Corporation, is a Texas C-corporation.

Its principal place of business or headquarters is listed as 10497 Town and Country Way, Suite 700 Houston, Texas 77024.

Its registered agent is JB Roberson Jr., whose address for service is 114 Hummingbird Court, Lake Jackson, Texas 77566.

Trinity Gate Guard Services Corporation provides surveillance and monitoring for on-site incidents in remote locations such as oilfields and mines. Through its products and services offered it protects employees and assets being used such in the oil and natural gas industries.

Defendant, United Energy Rentals LLC, is a Texas Limited Liability Corporation.

United Energy Rentals provides the rentals to complete large construction projects, often in the oil and gas industry, but also traditional construction arenas. The company, *e.g.*, will rent forklifts, generators, light towers, lifts, portable bathrooms and transfer pumps.

Defendant, JB Roberson Jr., is a citizen of the United States of America.

Roberson Jr. is an employer as defined under the FLSA, and sued personally in this action having acted both directly and indirectly, in the interests of the defendant entities.

Roberson Jr. resides at 114 Hummingbird Court, Lake Jackson, Texas.

Roberson Jr. is an owner, president and manager of the two Corporate Defendants named herein.

Roberson Jr., manages the above named Corporate Defendants.

Roberson Jr. has an ownership interest in the two Corporate Defendants.

Roberson Jr. is an officer in the Defendant Corporations.

Roberson Jr. is active in the Defendant Corporations businesses affairs and management.

At Roberson Jr.'s direction, Individual-Defendant uses corporate power and authority to hire and fire employees for the Defendant entities.

At Roberson Jr.'s direction, Individual-Defendant maintained and arranged employment records.

At Roberson Jr.'s direction, Individual-Defendant supervised the conditions of employment.

Roberson Jr. determined rates of pay.

Roberson Jr. controlled the terms and conditions of Plaintiff's employment by managing the traditional terms and conditions of employment, including, but not limited to:

disbursing wages;

setting work schedules;

managing Plaintiff's working location;

overseeing how Plaintiff performed his job;

supervising conduct; and

reserving the right to terminate Plaintiff's employment.

Consequently, as an officer, active manager and owner, Roberson Jr. falls squarely within the FLSA's definition of "employer."

### Employment

Plaintiff began working for the Defendants on August 13, 2013.

Plaintiff ceased working for the Defendants on November 20, 2015.

An employee - employer relationship existed between Plaintiff and Defendants.

Indeed, Defendants were Plaintiff's "employer" under the Fair Labor Standards Act.

### Job Duties

During this time, Plaintiff worked for the Defendant as a laborer and mechanic.

Plaintiff's duties were principally mechanical work and manual labor. His duties included cutting grass, washing shop floors, performing oil changes, painting, and performing equipment repair. They did not require independent judgment or high levels of discretion.

### Coverage

Defendants must adhere to the FLSA.

This is because both traditional and enterprise coverage are found here.

Traditional coverage can be found here because the Plaintiff engaged in interstate commerce as part of Plaintiff's job and used various instrumentalities of commerce while doing so.

Enterprise coverage applies here because the Defendant-Corporations employ several people that regularly engage in interstate commerce generating millions of dollars in revenue each year.

Indeed, Plaintiff was engaged in interstate commerce and production of goods for commerce as the term is used in the Act, while employed by the Defendants. In other words, Plaintiff engaged in interstate commerce for and while working for the Defendants.

Indeed, the work that Plaintiff was doing was part of the procedure and process necessary to produce, market and move goods and services in commerce.

As part of the oil and gas industry, Plaintiff would, in part, perform mechanical work, and perform repair on equipment used to bring natural resources, such as oil to the markets, to be sold all over the United States.

Plaintiff and Defendant-Corporations also engaged in interstate commerce by using the channels and instrumentalities of commerce by traveling, selling, renting, repairing and operating important assets in oil and gas fields.

Trinity Gate Guard Services Corporation employed more than two persons each year, for three years immediately preceding this action.

Trinity Gate Guard Services Corporation collected more than $500,000 in revenue in each of year, for three years immediately preceding this action.

Trinity Gate Guard Services Corporation employed more than two persons which are regularly engaged in interstate commerce.

As such, Trinity Gate Guard Services Corporation must adhere to the provision of the Fair Labor Standards Act and the Plaintiff is entitled to protection under the Act.

United Energy Rentals LLC employed more than two persons each year, for the three years immediately preceding this action

United Energy Rentals LLC collected more than $500,000 in revenue in each of year, for three years immediately preceding this action.

United Energy Rentals LLC employed more than two persons which are regularly engaged in interstate commerce.

As such, United Energy Rentals LLC must adhere to the provision of the Fair Labor Standards Act and the Plaintiff is entitled to protection under the Act.

## Exemptions

Unless specifically exempted, employees covered by the Act must receive overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay.

Here, Defendants are required to pay the Plaintiff overtime because there is no exemption that applies.

Many of the Fair Labor Standard Act's exemptions apply based on the primary duties an employee is performing, e.g., the executive and administrative.

However, neither exemption applies when a worker's duties consist mainly of low level manual labor and work that requires little independent judgment or discretion.

Here, the Plaintiff's primary duties consisted were manual labor and basic mechanical work.

Consequently, neither the executive or administrative exemption applies.

The burden rests with the Defendants to establish that the employee meets every element of the exemption through clear and convincing evidence; a burden and test the Defendant cannot meet.

## Relevant Period

Plaintiff's claim in this action is for all unpaid compensation that falls between the last day Plaintiff worked for the Defendants, *i.e.*, November 20, 2015, and May 1, 2014.

There are 81 weeks within the Relevant Time Period.

**Rate of Pay**

No matter how an employee is paid, their pay must be computed to the average *hourly rate* derived from their total earnings. This is calculated by ***dividing*** the ***total pay*** for employment in a workweek ***by*** the ***total number of hours worked***.

In addition, section 7(g)(2) of the FLSA as more fully prescribed in 29 CFR 778.415 through 778.421 requires overtime pay to be a rate of one and one-half times (1.5) the hourly rate in effect when the overtime work was performed.

Here, Plaintiff was paid $42.70 per hour.

Plaintiff's overtime rate was consequently $64.05.

**Hours Worked**

For workers older than sixteen, the Fair Labor Standards Act places no limit on the number of hours one may work in a workweek.

Here, Plaintiff regularly performed more than forty hours of work per workweek.

As set forth above, during the relevant period and in the preceding three years immediately following the filing of this action, Plaintiff was employed 81 workweeks.

Plaintiff's work day started at 6:30 a.m. and concluded at 6:30 p.m.

It was not uncommon for the Plaintiff to work 15 or 16 hours per day.

During the Relevant Period Plaintiff averaged 13.5 hours of work per day.

On average, Plaintiff worked seven days a week.

Accordingly, during the Relevant Time Period, Plaintiff's typical and average workweek consisted of performing 94.5 hours of work for the Defendants.

In turn, the hours and amounts due to Plaintiff in unpaid wages are summarized as follows:

**Summary of Hours and Pay Rates**

| Description | Amount |
|---|---|
| Workweeks due overtime within the Relevant Period | 73 |
| Average hours worked per week | 94.5 |
| Average overtime hours worked per week | 54.5 |
| Regular rate of pay | $42.70 |
| Overtime rate of pay | $65.05 |

**Bad Faith**

Defendants have exhibited bad faith here. Their actions in overworking and underpaying Plaintiff are willful and knowing within the meaning of § 255 of the FLSA.

The Defendants knew Plaintiff was working overtime, that he was entitled to overtime, but choose not to pay it.

Indeed, this is not the first time that they have been hauled before this Court to answer for their pay practices. Now, they are alleged of violating the same provisions in the same way.

Defendants have continuously violated the cited provisions of the Act and threaten and intend to continue violating these provisions unless enjoined and restrained by a judgment of this Court.

They have demonstrated a total disregard for the requirements of the FLSA, and shown a lack of respect for the judicial process overall.

More specifically, Defendants have in the past tried to undermine the judicial process by cutting back door deals in the settlement process by communicating with plaintiff directly (despite being represented by counsel) and otherwise exclude this Court in the settlement approval process.

And despite being put on notice of the FLSA illegalities in their pay practices, Defendants choose not to correct their pay practices or remedy the harm Defendants actions have had on their workforce.

Violations go as far back as seven years, where from the very first workweek after Plaintiff's hire, Plaintiff was working in excess of the maximum hours provided by the Fair Labor Standards Act, still no provision was ever made and no payments were ever provided to Plaintiff at the rate of time and a half (1.5), for the hours worked in excess of the hours provided by the statute.

Even their own counsel advised them Defendants to pay low level hourly employees overtime. Defendants ignored their counsel's advice.

The Defendants also failed to keep accurate records of the hours he worked.

Consequently, their actions are willful, wanton and in bad faith making liquidated damages and the three-year statute of limitations highly appropriate.

**Damages Ignored**

The Plaintiff, before his employee ended inquired and asked for his overtime to be paid.

Each time he inquired, he was either ignored, provided an excuse, or lied to.

Plaintiff's job was threatened if did not stop asking about overtime pay.

In addition to Plaintiff's own demands for the wages due to him under the law, his counsel had made demand to pay the Plaintiff.

The demand has yet to be satisfied.

Indeed, Defendants failed to make any attempt to pay it.

Having failed to pay the overtime, Plaintiff is entitled under the Fair Labor Standards Act, 29 U.S.C. Sec. 216(b) to all unpaid overtime worked, plus an equal amount as a liquidated damage and penalty for Defendants' actions.

Defendants' refusal to pay the overtime due has made it necessary for Plaintiff to retain and employ the undersigned counsel to prosecute this case and incur reasonable attorneys' fees and litigation expenses.  Plaintiff is entitled to fees and costs.

**Count I**

*Violation Under 29 U.S.C. Sec. 207 and 216(b)*

Plaintiff re-alleges and fully incorporates Paragraphs 1-75 as if fully stated here.

At all relevant times, Defendants were an "employer" under the Fair Labor Standards Act.

At all relevant times, Defendants employed Plaintiff under the terms and definitions of the Fair Labor Standards Act.

As an hourly employee performing the duties of a short order cook, Plaintiff is considered a non-exempt worker under the Fair Labor Standards Act.

Plaintiff was required by Defendants to work over forty hours per week. However, Plaintiff was not paid overtime for the hours worked over 40.

Defendants failure to pay Plaintiff overtime compensation for his unpaid overtime is a violation of 29 U.S.C. §§ 207 and 216(b).

Defendants willfully violated the Fair Labor Standards Act within the meaning of 29 U.S.C. § 255(a) by knowingly failing to pay Plaintiff the proper amount of wages and overtime compensation.

As a direct and proximate result of Defendant's repeated violations of the Fair Labor Standards Act, Plaintiff has suffered, and will continue to suffer, damages.

**Prayer for Relief**

**WHEREFORE** because the Plaintiff has suffered damages, as a direct and proximate result of the Defendants' actions, Plaintiff demands judgment against the Defendants for the maximum compensation Plaintiff is entitled to under the law, including a judgment against the Defendants for failure to pay overtime for all the hours worked over forty in a workweek, at a rate of time and one half (1.5), plus an equal amount for liquidated damages, along with attorney's' fees and costs of this action for violation of 29 U.S.C. § 207 and in accordance with 29 U.S.C. § 216(b), for judgment enjoining and restraining defendants, its officers, agents, servants, employees and attorneys, and all persons acting or claiming to act on its behalf, from violating the provisions of Section 15(a) (2) of the Act, both permanently and during the pendency of this action, and award damages, no less than the following amounts:

   For pre and post-judgment interest as allowed by law;

For reasonable attorney's fees; and

For plaintiff's' litigation expenses and costs of suit.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated: New York, NY
June 27, 2017

*/s Dale James Morgado*
_____
Dale James Morgado     Plaintiff's Counsel

djm@morgado.us        85 Wall Street
PH (212) 655-9790     Suite 1100
FX (212) 412-9038     New York, NY 10005

4846-7028-0775, v.  1