IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER URRUTIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:17-cv-01960 |
| TRINITY GATE GUARD SERVICES | § | |
| CORPORATION, et al | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL ANSWER OF DEFENDANTS JB ROBERSON, JR. AND TRINITY GATE GUARD SERVICES CORPORATION

COME NOW JB Roberson, Jr. ("Roberson") and Trinity Gate Guard Services Corporation ("Trinity")[1] (collectively, "Defendants") and file this Original Answer to Christopher Urrutia's Complaint.

### Introduction

1.    **Plaintiff, Christopher Urrutia, sues J.B. Roberson Jr., Trinity Gate Guard Services Corporation, and United Energy Rentals LLC (collectively "Defendants") for unpaid overtime, liquidated damages, plus reasonable attorneys' fees and costs as permitted under and for violating the Fair Labor Standards Act, 29 U.S.C. Sec. 216 and 29 U.S.C. Sec. 207.**

---

[1] This Answer is submitted on behalf of Defendants JB Roberson, Jr. and Trinity Gate Guard Services Corporation, only.  Plaintiff has also sued United Energy Rentals, LLC.  United Energy Rentals, LLC no longer exists and is an improper party.  Defendants JB Roberson, Jr. and Trinity Gate Guard Services Corporation have waived service. United Energy Rentals, LLC has not waived service, and could not waive service given it no longer exists.  In the Court's September 11, 2017 Order, all parties were to be served on or before September 26, 2017.  Since this date has now arrived and United Energy Rentals, LLC remains unserved, the Court may dismiss United Energy Rentals, LLC for lack of service.

RESPONSE: Defendants admit only that Plaintiff has brought the referenced lawsuit. Defendants deny they violated the Fair Labor Standards Act ("FLSA"). Defendants deny Plaintiff is entitled to the relief sought.

**2.** **In further support for his claim, Plaintiff states as follows:**

**The Fair Labor Standards Act is a law of the United States regulating interstate commerce.**

RESPONSE: This Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**3.** **Here, Plaintiff seeks to enjoin further violations of the FLSA, to recover unpaid overtime compensation, to recover an additional equal amount as liquidated damages, plus payment of reasonable attorney's fees and costs under the provisions of the Fair Labor Standards Act, 29 U.S.C § 201 *et seq*.**

RESPONSE: Defendants admit only that Plaintiff seeks the referenced relief. Defendants deny they violated the FLSA. Defendants deny Plaintiff is entitled to the relief sought and deny the remaining allegations.

**4.** **Consequently, this Court has subject matter jurisdiction over this action under 29 U.S.C. Sec. 217 (Section 17 of the Act), 28 U.S.C. Sec. 1331, and 28 U.S.C. Sec. 1337.**

RESPONSE: This Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants admit only that this Court has subject matter jurisdiction over this matter, and deny the remaining allegations.

**5.**     Similarly, this Court has personal jurisdiction because both Defendants reside in this district, and because they actively maintain and conduct business in this district.

RESPONSE:   This Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendants admit only that this Court has personal jurisdiction over Trinity and Roberson, and deny the remaining allegations.

**6.**     Finally, this district, division and location are an appropriate venue for this case, *i.e.*, under 28 U.S.C. Sec. 1391(b), because Defendants regularly conducts business here and/or because the events that give rise to this action occurred here.

RESPONSE:   This Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendants admit only that venue is proper with this Court, and deny the remaining allegations.

**Plaintiff**

**7.**     Plaintiff is a citizen of the United States of America.

RESPONSE:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and as such deny.

**8.**     He lives in Ecleto, Texas. Plaintiff resided in Ecleto, Texas during all relevant times discussed herein.

RESPONSE:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and as such deny.

**Defendants**

**9.**     Defendant, Trinity Gate Guard Services Corporation, is a Texas C-corporation.

RESPONSE: Trinity admits only the allegation in this Paragraph. This allegation is not directed at Roberson, so no response is required.

**10.     Its principal place of business or headquarters is listed as 10497 Town and Country Way, Suite 700 Houston, Texas 77024.**

RESPONSE: Trinity denies the allegation in this Paragraph. This allegation is not directed at Roberson, so no response is required.

**11.     Its registered agent is JB Roberson Jr., whose address for service is 114 Hummingbird Court, Lake Jackson, Texas 77566.**

RESPONSE: Defendants deny the allegations in this Paragraph.

**12.     Trinity Gate Guard Services Corporation provides surveillance and monitoring for on-site incidents in remote locations such as oilfields and mines. Through its products and services offered it protects employees and assets being used such in the oil and natural gas industries.**

RESPONSE: Trinity denies the allegations in the first sentence of this Paragraph. Trinity does not understand the allegations in the second sentence of this Paragraph, so lack knowledge or information sufficient to form a belief about the truth of the allegations in this sentence and as such deny. This Paragraph is not directed at Roberson, so no response is required.

**13.     Defendant, United Energy Rentals LLC, is a Texas Limited Liability Corporation.**

RESPONSE: Defendants deny the allegations in this paragraph.

**14.     United Energy Rentals provides the rentals to complete large construction projects, often in the oil and gas industry, but also traditional construction arenas. The**

company, *e.g.*, will rent forklifts, generators, light towers, lifts, portable bathrooms and transfer pumps.

RESPONSE: Defendants deny the allegations in this paragraph.

**15.    Defendant, JB Roberson Jr., is a citizen of the United States of America.**

RESPONSE: Roberson admits the allegation in this Paragraph. This Paragraph is not directed at Trinity, so no response is required.

**16.    Roberson Jr. is an employer as defined under the FLSA, and sued personally in this action having acted both directly and indirectly, in the interests of the defendant entities.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny same.

**17.    Roberson Jr. resides at 114 Hummingbird Court, Lake Jackson, Texas.**

RESPONSE: Roberson denies the allegations in this Paragraph. This Paragraph is not directed at Trinity, so no response is required.

**18.    Roberson Jr. is an owner, president and manager of the two Corporate Defendants named herein.**

RESPONSE: Defendants Trinity and Roberson admit only that Roberson is a manager and officer of Trinity. Roberson denies that he has any role with United Energy Rentals, LLC. United Energy Rentals, LLC does not exist. It is an improper party, has not been served, and should be dismissed. Defendants deny the remaining allegations.

**Job Duties**

**19.     Roberson Jr., manages the above named Corporate Defendants.  Roberson Jr. has an ownership interest in the two Corporate Defendants.  Roberson Jr. is an officer in the Defendant Corporations.**

RESPONSE:  Defendants Trinity and Roberson only admit that Roberson is a manager and officer of Trinity.  Roberson denies that he has any role with United Energy Rentals, LLC.  United Energy Rentals, LLC does not exist.  It is an improper party, has not been served, and should be dismissed.  Defendants deny the remaining allegations.

**20.     Roberson Jr. is active in the Defendant Corporations businesses affairs and management.**

RESPONSE:  Defendants Trinity and Roberson only admit that Roberson is a manager and officer of Trinity.  Roberson denies that Roberson has any role with United Energy Rentals, LLC.  United Energy Rentals, LLC does not exist.  It is an improper party, has not been served, and should be dismissed.  Defendants deny the remaining allegations.

**21.     At Roberson Jr.'s direction, Individual-Defendant uses corporate power and authority to hire and fire employees for the Defendant entities.**

RESPONSE:  Defendants Trinity and Roberson admit only that Roberson is a manager and officer of Trinity.  Roberson denies that Roberson has any role with United Energy Rentals, LLC.  United Energy Rentals, LLC does not exist.  It is an improper party, has not been served, and should be dismissed.  Defendants deny the remaining allegations.

**22.     At Roberson Jr.'s direction, Individual-Defendant maintained and arranged employment records.**

RESPONSE: Defendants do not understand what is being alleged in this Paragraph, so lack knowledge or information sufficient to form a belief about the truth of the allegations therein and as such deny. This Paragraph is not directed at Trinity, so no response is required.

23. **At Roberson Jr.'s direction, Individual-Defendant supervised the conditions of employment.**

RESPONSE: Defendants do not understand what is being alleged in this Paragraph, so lack knowledge or information sufficient to form a belief about the truth of the allegations therein and as such deny. This Paragraph is not directed at Trinity, so no response is required.

24. **Roberson Jr. determined rates of pay.**

RESPONSE: Roberson admits only that he played a role in determining the rates of pay for employees at Trinity. To the extent a further response is required, Roberson denies the remaining allegations in this Paragraph. This Paragraph is not directed at Trinity, so no response is required. Defendants deny the remaining allegations.

25. **Roberson Jr. controlled the terms and conditions of Plaintiff's employment by managing the traditional terms and conditions of employment, including, but not limited to:**

**disbursing wages; setting work schedules;**

**managing Plaintiff's working location;**

**overseeing how Plaintiff performed his job;**

**supervising conduct; and**

**reserving the right to terminate Plaintiff's employment.**

RESPONSE: Roberson admits only that he played a role in determining the terms and conditions of Plaintiff's employment. To the extent a further response is required, Roberson

denies the remaining allegations in this Paragraph.  This Paragraph is not directed at Trinity, so no response is required.  Defendants deny the remaining allegations.

**26.     Consequently, as an officer, active manager and owner, Roberson Jr. falls squarely within the FLSA's definition of "employer."**

RESPONSE:  Defendants Trinity and Roberson admit only that Roberson is a manager and officer of Trinity.   This Paragraph contains legal conclusions to which no responsive pleading is required.  To the extent a further response is required, Defendants deny the remaining allegations in this Paragraph.

**Employment**

**27.     Plaintiff began working for the Defendants on August 13, 2013. Plaintiff ceased working for the Defendants on November 20, 2015.**

RESPONSE:   Trinity admits only that it employed Plaintiff between the dates listed. Roberson denies he employed Plaintiff.   Defendants deny the remaining allegations in this Paragraph.

**28.     An employee - employer relationship existed between Plaintiff and Defendants. Indeed, Defendants were Plaintiff's "employer" under the Fair Labor Standards Act.**

RESPONSE:  This Paragraph contains legal conclusions to which no responsive pleading is required.   To the extent a response is required, Defendants deny the allegations in this Paragraph.

**29.     During this time, Plaintiff worked for the Defendant as a laborer and mechanic.**

RESPONSE:  Defendants deny the allegations in this Paragraph.

**30.** **Plaintiff's duties were principally mechanical work and manual labor. His duties included cutting grass, washing shop floors, performing oil changes, painting, and performing equipment repair. They did not require independent judgment or high levels of discretion.**

RESPONSE: Defendants deny the allegations in this Paragraph.

### Coverage

**31.** **Defendants must adhere to the FLSA.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**32.** **This is because both traditional and enterprise coverage are found here.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**33.** **Traditional coverage can be found here because the Plaintiff engaged in interstate commerce as part of Plaintiff's job and used various instrumentalities of commerce while doing so.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**34.** **Enterprise coverage applies here because the Defendant-Corporations employ several people that regularly engage in interstate commerce generating millions of dollars in revenue each year.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**35.      Indeed, Plaintiff was engaged in interstate commerce and production of goods for commerce as the term is used in the Act, while employed by the Defendants. In other words, Plaintiff engaged in interstate commerce for and while working for the Defendants.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**36.      Indeed, the work that Plaintiff was doing was part of the procedure and process necessary to produce, market and move goods and services in commerce.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**37.      As part of the oil and gas industry, Plaintiff would, in part, perform mechanical work, and perform repair on equipment used to bring natural resources, such as oil to the markets, to be  sold all over the United States.**

RESPONSE: Defendants deny the allegations in this Paragraph.

**38.      Plaintiff and Defendant-Corporations also engaged in interstate commerce by using the channels and instrumentalities of commerce by traveling, selling, renting, repairing and operating important assets in oil and gas fields.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Trinity denies the allegations in this Paragraph. This Paragraph is not directed at Roberson, so no response is required.

**39. Trinity Gate Guard Services Corporation employed more than two persons each year, for three years immediately preceding this action.**

RESPONSE: Trinity admits the allegation in this Paragraph. This Paragraph is not directed at Roberson, so no response is required.

**40. Trinity Gate Guard Services Corporation collected more than $500,000 in revenue in each of year, for three years immediately preceding this action.**

RESPONSE: Trinity denies the allegation in this Paragraph.

**41. Trinity Gate Guard Services Corporation employed more than two persons which are regularly engaged in interstate commerce.**

RESPONSE: Trinity admits only it employs more than two persons. The rest of this Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a further response is required, Defendants deny the remaining allegations in this Paragraph. This Paragraph is not directed at Roberson, so no response is required.

**42. As such, Trinity Gate Guard Services Corporation must adhere to the provision of the Fair Labor Standards Act and the Plaintiff is entitled to protection under the Act.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in this Paragraph. This Paragraph is not directed at Roberson, so no response is required.

**43.** **United Energy Rentals LLC employed more than two persons each year, for the three years immediately preceding this action.**

RESPONSE: Defendants deny the allegations in this Paragraph.

**44.** **United Energy Rentals LLC collected more than $500,000 in revenue in each of year, for three years immediately preceding this action.**

RESPONSE: Defendants deny the allegations in this Paragraph.

**45.** **United Energy Rentals LLC employed more than two persons which are regularly engaged in interstate commerce.**

RESPONSE: Defendants deny the allegations in this Paragraph.

**46.** **As such, United Energy Rentals LLC must adhere to the provision of the Fair Labor Standards Act and the Plaintiff is entitled to protection under the Act.**

RESPONSE: Defendants deny the allegations in this Paragraph.

## Exemptions

**47.** **Unless specifically exempted, employees covered by the Act must receive overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**48.** **Here, Defendants are required to pay the Plaintiff overtime because there is no exemption that applies.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**49. Many of the Fair Labor Standard Act's exemptions apply based on the primary duties an employee is performing, e.g., the executive and administrative.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**50. However, neither exemption applies when a worker's duties consist mainly of low level manual labor and work that requires little independent judgment or discretion.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**51. Here, the Plaintiff's primary duties consisted were manual labor and basic mechanical work.**

RESPONSE: Defendants deny the allegations in this Paragraph.

**52. Consequently, neither the executive or administrative exemption applies.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**53. The burden rests with the Defendants to establish that the employee meets every element of the exemption through clear and convincing evidence; a burden and test the Defendant cannot meet.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

## Relevant Period

**54. Plaintiff's claim in this action is for all unpaid compensation that falls between the last day Plaintiff worked for the Defendants, *i.e.*, November 20, 2015, and May 1, 2014.**

RESPONSE: Defendants admit only that Plaintiff is seeking compensation in this lawsuit. Trinity admits only that Plaintiff worked for Trinity during the period referenced. Defendants deny the remaining allegations in this Paragraph.

**55. There are 81 weeks within the Relevant Time Period.**

RESPONSE: Defendants admit only that there are approximately 81 weeks between May 1, 2014 and November 20, 2015. Defendants deny liability for unpaid compensation to Plaintiff during this period. Defendants deny the remaining allegations in this Paragraph.

## Rate of Pay

**56. No matter how an employee is paid, their pay must be computed to the average *hourly rate* derived from their total earnings. This is calculated by *dividing* the *total pay* for employment in a workweek *by* the *total number of hours worked*.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**57.** In addition, section 7(g)(2) of the FLSA as more fully prescribed in 29 CFR 778.415 through 778.421 requires overtime pay to be a rate of one and one-half times (1.5) the hourly rate in effect when the overtime work was performed.

RESPONSE:  This Paragraph contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

**58.** Here, Plaintiff was paid $42.70 per hour.

RESPONSE:  This Paragraph contains no information about when Plaintiff was allegedly paid $42.70 per hour, and for what work.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and as such deny.

**59.** Plaintiff's overtime rate was consequently $64.05.

RESPONSE:  Defendants admit only that $64.05 is one-and-a-half (1.5) times $42.70. The remaining allegations in this Paragraph contain legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the remaining allegations in this Paragraph.

**Hours Worked**

**60.** For workers older than sixteen, the Fair Labor Standards Act places no limit on the number of hours one may work in a workweek.

RESPONSE:  This Paragraph contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the remaining allegations in this Paragraph.

**61.** Here, Plaintiff regularly performed more than forty hours of work per workweek.

15

RESPONSE: This Paragraph contains no timeframe or period of reference. Trinity admits only that Plaintiff worked for Trinity for a period of time. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph and as such deny.

62. **As set forth above, during the relevant period and in the preceding three years immediately following the filing of this action, Plaintiff was employed 81 workweeks.**

RESPONSE: Defendants do not understand the allegations in this Paragraph, so lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and as such deny.

63. **Plaintiff's work day started at 6:30 a.m. and concluded at 6:30 p.m.**

RESPONSE: This Paragraph contains no timeframe or period of reference. Trinity admits only that Plaintiff worked for Trinity at one time. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph and as such deny.

64. **It was not uncommon for the Plaintiff to work 15 or 16 hours per day.**

RESPONSE: This Paragraph contains no timeframe or period of reference. Trinity admits only that Plaintiff worked for Trinity at one time. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph and as such deny.

65. **During the Relevant Period Plaintiff averaged 13.5 hours of work per day.**

RESPONSE: Trinity admits only that Plaintiff worked for Trinity at one time. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph and as such deny.

**66.     On average, Plaintiff worked seven days a week.**

RESPONSE:   This Paragraph contains no timeframe or period of reference.   Trinity admits only that Plaintiff worked for Trinity at one time.   Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph and as such deny.

**67.     Accordingly, during the Relevant Time Period, Plaintiff's typical and average workweek consisted of performing 94.5 hours of work for the Defendants.**

RESPONSE:    Trinity admits only that Plaintiff worked for Trinity at one time. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph and as such deny.

**68.     In turn, the hours and amounts due to Plaintiff in unpaid wages are summarized as follows:**

### Summary of Hours and Pay Rates

| Description | Amount |
| --- | --- |
| **Workweeks due overtime within the Relevant Period** | 73 |
| **Average hours worked per week** | 94.5 |
| **Average overtime hours worked per week** | 54.5 |
| **Regular rate of pay** | $42.70 |
| **Overtime rate of pay** | $65.05 |

RESPONSE:  Trinity admits only that Plaintiff worked for Trinity at one time. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph and as such deny.

**Bad Faith**

**69.     Defendants have exhibited bad faith here.  Their actions in overworking and underpaying Plaintiff are willful and knowing within the meaning of § 255 of the FLSA.**

RESPONSE:  This Paragraph contains legal conclusions to which no responsive pleading is required.   To the extent a response is required, Defendants deny the allegations in this Paragraph.

**70.     The Defendants knew Plaintiff was working overtime, that he was entitled to overtime, but choose not to pay it.**

RESPONSE:  This Paragraph contains legal conclusions to which no responsive pleading is required.   To the extent a response is required, Defendants deny the allegations in this Paragraph.

**71.     Indeed, this is not the first time that they have been hauled before this Court to answer for their pay practices.  Now, they are alleged of violating the same provisions in the same way.**

RESPONSE:  This Paragraph contains legal conclusions to which no responsive pleading is required.   To the extent a response is required, Defendants deny the allegations in this Paragraph.

**72.     Defendants have continuously violated the cited provisions of the Act and threaten and intend to continue violating these provisions unless enjoined and restrained by a judgment of this Court.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**73.** **They have demonstrated a total disregard for the requirements of the FLSA, and shown a lack of respect for the judicial process overall.**

RESPONSE: Defendants deny the allegations in this Paragraph.

**74.** **More specifically, Defendants have in the past tried to undermine the judicial process by cutting back door deals in the settlement process by communicating with plaintiff directly (despite being represented by counsel) and otherwise exclude this Court in the settlement approval process.**

RESPONSE: Defendants deny the allegations in this Paragraph.

**75.** **And despite being put on notice of the FLSA illegalities in their pay practices, Defendants choose not to correct their pay practices or remedy the harm Defendants actions have had on their workforce.**

RESPONSE: Defendants deny the allegations in this Paragraph.

**76.** **Violations go as far back as seven years, where from the very first workweek after Plaintiff's hire, Plaintiff was working in excess of the maximum hours provided by the Fair Labor Standards Act, still no provision was ever made and no payments were ever provided to Plaintiff at the rate of time and a half (1.5), for the hours worked in excess of the hours provided by the statute.**

RESPONSE: Defendants deny the allegations in this Paragraph.

**77.** **Even their own counsel advised them Defendants to pay low level hourly employees overtime. Defendants ignored their counsel's advice.**

RESPONSE: Defendants deny the allegations in this Paragraph.

**78.     The Defendants also failed to keep accurate records of the hours he worked.**

RESPONSE: Defendants deny the allegations in this Paragraph.

**79.     Consequently, their actions are willful, wanton and in bad faith making liquidated damages and the three-year statute of limitations highly appropriate.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

<strong>Damages Ignored</strong>

**80.     The Plaintiff, before his employee ended inquired and asked for his overtime to be paid.**

RESPONSE: Defendants admit only that Plaintiff and his attorney have requested monies they claim are past due wages. Defendants deny Plaintiff is owed the monies sought. Defendants deny the remaining allegations in this Paragraph.

**81.     Each time he inquired, he was either ignored, provided an excuse, or lied to. Plaintiff's job was threatened if did not stop asking about overtime pay.**

RESPONSE: Defendants deny the allegations in this Paragraph.

**82.     In addition to Plaintiff's own demands for the wages due to him under the law, his counsel had made demand to pay the Plaintiff.**

RESPONSE: Defendants admit only that Plaintiff and his attorney have requested monies they claim are past due wages. Defendants deny Plaintiff is owed the monies sought. Defendants deny the remaining allegations in this Paragraph.

**83.     The demand has yet to be satisfied.**

RESPONSE: Defendants admit only that Plaintiff and his attorney have requested monies they claim are past due wages. Defendants admit only that they have not paid said monies. Defendants deny Plaintiff is owed the monies sought. Defendants deny the remaining allegations in this Paragraph.

**84.     Indeed, Defendants failed to make any attempt to pay it.**

RESPONSE: Defendants admit only that Plaintiff and his attorney have requested monies they claim are past due wages. Defendants admit only that they have not paid said monies. Defendants deny Plaintiff is owed the monies sought. Defendants deny the remaining allegations in this Paragraph.

**85.     Having failed to pay the overtime, Plaintiff is entitled under the Fair Labor Standards Act, 29 U.S.C. Sec. 216(b) to all unpaid overtime worked, plus an equal amount as a liquidated damage and penalty for Defendants' actions.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**86.     Defendants' refusal to pay the overtime due has made it necessary for Plaintiff to retain and employ the undersigned counsel to prosecute this case and incur reasonable attorneys' fees and litigation expenses. Plaintiff is entitled to fees and costs.**

RESPONSE: This Paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**Count I**

*Violation Under 29 U.S.C. Sec. 207 and 216(b)*

**87.     Plaintiff re-alleges and fully incorporates Paragraphs 1-75 as if fully stated here.**

RESPONSE:  Defendants incorporate their responses to Paragraphs 1-75 as if fully stated here.

**88.     At all relevant times, Defendants were an "employer" under the Fair Labor Standards Act.**

RESPONSE:  This Paragraph contains legal conclusions to which no responsive pleading is required.   To the extent a response is required, Defendants deny the allegations in this Paragraph.

**89.     At all relevant times, Defendants employed Plaintiff under the terms and definitions of the Fair Labor Standards Act.**

RESPONSE:  This Paragraph contains legal conclusions to which no responsive pleading is required.   To the extent a response is required, Defendants deny the allegations in this Paragraph.

**90.     As an hourly employee performing the duties of a short order cook, Plaintiff is considered a non-exempt worker under the Fair Labor Standards Act.**

RESPONSE:  This Paragraph contains legal conclusions to which no responsive pleading is required.   To the extent a response is required, Defendants deny the allegations in this Paragraph.

**91.     Plaintiff was required by Defendants to work over forty hours per week. However, Plaintiff was not paid overtime for the hours worked over 40.**

RESPONSE:  Defendants deny the allegations in this Paragraph.

**92.    Defendants failure to pay Plaintiff overtime compensation for his unpaid overtime is a violation of 29 U.S.C. §§ 207 and 216(b).**

RESPONSE:  This Paragraph contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

**93.    Defendants willfully violated the Fair Labor Standards Act within the meaning of 29 U.S.C. § 255(a) by knowingly failing to pay Plaintiff the proper amount of wages and overtime compensation.**

RESPONSE:  This Paragraph contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

**94.    As a direct and proximate result of Defendant's repeated violations of the Fair Labor Standards Act, Plaintiff has suffered, and will continue to suffer, damages.**

RESPONSE:  This Paragraph contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

**Prayer for Relief**

**95.    Wherefore because the Plaintiff has suffered damages, as a direct and proximate result of the Defendants' actions, Plaintiff demands judgment against the Defendants for the maximum compensation Plaintiff is entitled to under the law, including a judgment against the Defendants for failure to pay overtime for all the hours worked over forty in a workweek, at a rate of time and one half (1.5), plus an equal amount for liquidated damages, along with attorney's' fees and costs of this action for violation of 29**

U.S.C. § 207 and in accordance with 29 U.S.C. § 216(b), for judgment enjoining and restraining defendants, its officers, agents, servants, employees and attorneys, and all persons acting or claiming to act on its behalf, from violating the provisions of Section 15(a)(2) of the Act, both permanently and during the pendency of this action, and award damages, no less than the following amounts:

For pre and post-judgment interest as allowed by law;

For reasonable attorney's fees; and

For plaintiff's' litigation expenses and costs of suit.

RESPONSE: Defendants admit only that Plaintiff seeks the relief listed. Defendants deny Plaintiff is entitled to the relief sought. Defendants deny the remaining allegations in this Paragraph.

## Jury Demand

96. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

RESPONSE: This Paragraph does not contain an allegation to which a response is required. To the extent a response is required, Defendants admit only that Plaintiff demands a jury. Defendants deny the remaining allegations in this Paragraph.

## DEFENSES

Subject to and without waiving the above denials, Defendants allege the following defenses:

1. Plaintiff fails to plead a cause of action upon which relief can be granted.

2. Plaintiff's claim is barred on the basis of his own misconduct.

3.      Sums allegedly owed to Plaintiff by Defendants are, in whole or in part, offset by debts owed by Plaintiff to Defendants.

4.      Plaintiff's claim is barred on the basis of Plaintiff's unclean hands.

5.      Plaintiff's claim is barred on the basis that Plaintiff did not actually work all the hours he claims to have worked.

6.      Plaintiff's claim is barred on the basis he was not eligible for overtime pay during the time period alleged.

7.      Defendants relied in good faith on written administrative regulations, orders, rulings, approvals, and/or interpretations issued by the Department of Labor's Wage and Hour Division.

8.      Plaintiff's damages are limited to back pay, as Defendants did not act in bad faith.

9.      Plaintiff's claims are barred by release.

10.     Plaintiff's claims are barred by waiver/estoppel.

11.     Plaintiff's claims are barred by his own illegal conduct.

12.     Plaintiff's claims are barred by virtue of the doctrine of laches.

13.     Plaintiff's claims are barred on the grounds that Plaintiff has already received any payment he was owed.

14.     Plaintiff's FLSA claims are barred because Plaintiff was exempt from FLSA overtime requirements.

15.     Defendant Roberson was not an employer under the FLSA, and so recovery against Roberson under the FLSA is barred.

WHEREFORE, premises considered, Defendants pray that Plaintiff's suit be dismissed with prejudice, that Plaintiff take nothing by this suit, and that the Court enter judgment on

behalf of each Defendant, and award each Defendants their attorneys' fees, costs, and expert fees, and such other and further relief, at law or in equity, to which the Defendants may be justly entitled.

DATED:          September 26, 2017

                                        Respectfully submitted,

                                        REED SMITH LLP


                                        By:_____/s/ Mark D. Temple_____
                                              Mark D. Temple
                                              (*Attorney-in-charge*)
                                              State Bar No. 00794727
                                              Fed Bar No. 19552
                                              Curtis R. Waldo
                                              State Bar No. 24090452
                                              Fed Bar No. 2331235
                                              811 Main Street, Suite 1700
                                              Houston, Texas 77002
                                              (713) 469-3800 - Telephone
                                              (713) 469-3899 - Facsimile
                                              mtemple@reedsmith.com
                                              cwaldo@reedsmith.com

                                        ATTORNEYS FOR DEFENDANTS
                                        JB ROBERSON, JR., TRINITY GATE GUARD
                                        SERVICES CORPORATION AND UNITED
                                        ENERGY RENTALS, LLC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this the 26th of September, 2017, a true and correct copy of the foregoing document was served on the following counsel of record via the Court's CM/ECF system:

Dale James Morgado
85 Wall Street, Suite 1100
New York, New York 10005
djm@morgado.us


*/s/ Curtis R. Waldo*
Curtis R. Waldo